UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BEATRIZ SAAVEDRA, ERIKA ALFARO,
and JASBLEIDY MONTEJO, individually and
on behalf of others similarly situated,

                      Plaintiffs,

              - against -

THE TWIN KITTY BAKERY CORP., d/b/a
LA GATA GOLOSA; TWO BROTHERS
BAKERY CORP., d/b/a LA GATA GOLOSA,
SWEET KISS CORP., d/b/a LA GATA
GOLOSA; 8263 BAKERY CORP., d/b/a LA
GATA GOLOSA; JOHN CASTRO; JOSE
CASTRO; WENDY A. CASTRO; and MAX
CASTRO,

                      Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-932 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

On February 13, 2018, Plaintiffs Beatriz Saavedra, Erika Alfaro, and Jasbleidy Montejo commenced this action against Defendants The Twin Kitty Bakery Corp., Two Brothers Bakery Corp., Sweet Kiss Corp., 8263 Bakery Corp., John Castro, Jose Castro, Wendy A. Castro, and Max Castro for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (*See* Complaint, Dkt. 1.) On July 10, 2019, the Clerk of the Court entered certificates of default with respect to The Twin Kitty Bakery Corp., Two Brothers Bakery Corp., Sweet Kiss Corp., John Castro, and Jose Castro ("Defaulting Defendants"), and Plaintiffs moved for default judgment against these defendants.[1] (*See* Dkts. 42, 62.) Plaintiffs' motion was referred to the Honorable Peggy Kuo, Magistrate Judge, for a Report and Recommendation ("R&R").

---

[1] Plaintiffs filed a stipulation of dismissal as to Defendant Max Castro on December 6, 2018, which the Court so ordered that day. (*See* Dkt. 29; 12/6/2018 Docket Order.) Plaintiffs

1

On February 16, 2021, Judge Kuo recommended that the motion for default judgment be granted in part and denied in part. (*See generally* R&R, Dkt. 69.) Specifically, Judge Kuo recommended that the motion be granted *except* with respect to: (1) Plaintiffs' FLSA claims prior to February 13, 2015; (2) Plaintiff Saavedra's minimum wage claim from March 1, 2013 to December 31, 2013; (3) Plaintiff Montejo's minimum wage claim from June 1, 2013 to December 30, 2013; (4) Plaintiff Alfaro's overtime claim; and (5) Plaintiff Montejo's overtime claim after December 31, 2015. (*Id.* at 42.) Accordingly, Judge Kuo recommended that Plaintiff Saavedra be awarded damages of $63,920; Plaintiff Alfaro be awarded damages of $39,464; and Plaintiff Montejo be awarded damages of $63,854. (*Id.*) Judge Kuo also recommended that, pursuant to NYLL § 198(1-a) and New York Civil Practice Law and Rules § 5004, prejudgment interest be awarded as follows: for Plaintiff Saavedra, $6.65/day from January 6, 2015 until the date of entry of judgment; for Plaintiff Alfaro, $3.63/day from May 24, 2015 until the date of entry of judgment; and for Plaintiff Montejo, $6.64/day from July 23, 2015 until the date of entry of judgment.[2] (*Id.* at 35–36, 42–43.) Judge Kuo found that all of Plaintiffs' damages are attributable to the NYLL and that, under NYLL § 663(4), damages and prejudgment interest "automatically increase by fifteen percent" if not paid within 90 days of the entry of judgment. (*Id.* at 36–37 (quoting *Rosendo v. Everbrighten, Inc.*, No. 13-CV-7256 (JGK), 2015 WL 4557147, at *1 (S.D.N.Y. July 28, 2015)).) Finally, Judge Kuo recommended that Plaintiffs collectively be awarded $1,029.96 in

---

entered into a settlement agreement with Defendants 8263 Bakery Corp. and Wendy A. Castro, which was approved on January 23, 2020. (*See* Dkt. 50; 1/23/2020 Docket Order.)

[2] Because Plaintiffs did not specify dates from which prejudgment interest should accrue, Judge Kuo selected an intermediate date for each Plaintiff. (R&R, Dkt. 69, at 36); *see also Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, 577 F. App'x 58, 61 (2d Cir. 2014) (summary order) ("[W]here damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." (internal quotation marks, alterations, and citations omitted)).

attorneys' fees—a 40% reduction in the amount they requested—and $400 in costs. (*See id.* at 40–41, 43.) On March 4, 2021, Plaintiffs certified that Defaulting Defendants had been served with a copy of Judge Kuo's R&R via overnight mail.[3] (*See* Certificate of Service, Dkt. 70.) No objections to the R&R have been filed.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party serves and files written objections to a magistrate judge's findings or recommendations on a dispositive issue within 14 days after being served with a copy of the magistrate judge's report, the district court must review *de novo* the aspects to which specific objections have been made. *See id.*; Fed. R. Civ. P. 72(b); *see also Freeman v. HSBC Holdings PLC*, 413 F. Supp. 3d 67, 75–76 (E.D.N.Y. 2019). If no party timely objects, the magistrate judge's findings and recommendations are reviewed, at most, for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."); *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (citation omitted)).

---

[3] The Court deems Defendants 8263 Bakery Corp. and Wendy A. Castro to have been served with the R&R on February 16, 2021, via the Court's CM/ECF docketing system.

As the statutory period for filing objections has expired, and having reviewed and found no clear error in Judge Kuo's thorough and well-reasoned R&R, the Court adopts the R&R in its entirety.[4]

Accordingly, Plaintiff's motion for default judgment against Defaulting Defendants is granted in part and denied in part. Plaintiffs are awarded damages of $167,238, which represents $63,920 in damages for Plaintiff Saavedra, $39,464 in damages for Plaintiff Alfaro, and $63,854 in damages for Plaintiff Montejo. Prejudgment interest is awarded to Plaintiff Saavedra at a rate of $6.65/day from January 6, 2015 until the date of entry of judgment; to Plaintiff Alfaro at a rate of $3.63/day from May 24, 2015 until the date of entry of judgment; and to Plaintiff Montejo at a rate of $6.64/day from July 23, 2015 until the date of entry of judgment. These amounts shall automatically increase by 15% if not paid within 90 days of the entry of judgment or of expiration

---

[4] The Court notes that it independently considered whether any offset to account for Plaintiff's settlement with Defendants 8263 Bakery Corp. and Wendy A. Castro was appropriate, and it determined that an offset was not appropriate. Although non-settling defendants may be entitled to a credit where a plaintiff has settled with one or more of several joint tortfeasors, it is the burden of the non-settling defendants "to show 'the extent to which a recovery against [them] would be duplicative of the plaintiff's recovery from settling defendants.'" *State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 482–83 (E.D.N.Y. 2013) (quoting *RLI Ins. Co. v. King Sha Grp.*, 598 F. Supp. 2d 438, 447 (S.D.N.Y. 2009)). Defaulting Defendants, who have failed to appear in this case, have not satisfied their burden, and they are therefore not entitled to any offset. *See Kotuwage v. NSS Petrol. Inc.*, No. 15-CV-4374 (FB) (ST), 2018 WL 1189332, at *12–13 (E.D.N.Y. Feb. 8, 2018) (declining to offset damages with respect to defaulting defendant in a FLSA and NYLL case), *report and recommendation adopted in relevant part*, 2018 WL 1187397, at *1 (E.D.N.Y. Mar. 7, 2018); *Chen v. Yuen*, No. 04-CV-6579 (GBD) (KNF), 2015 WL 7758532, at *4–5 (S.D.N.Y. Dec. 1, 2015) (concluding that a defendant in a FLSA and NYLL case was not entitled to any offset based on the plaintiffs' settlements with other defendants because the defendant had "provided no argument or authority demonstrating that the damages amount [with respect to him] would be duplicative of the [p]laintiffs' recovery from the settling defendants"); *RLI Ins. Co.*, 598 F. Supp. 2d at 447 (observing that "New York courts confronted with a non-settling defendant who has defaulted have decided that the windfall should not accrue to the benefit of the party who has refused to participate in litigation," and declining to reduce the amount of the judgment against defendant on the basis of the plaintiff's settlement with another defendant (quoting *Godfrey v. Soto*, No. 06-CV-428 (NG) (JO), 2007 WL 2693652, at *7 (E.D.N.Y. Sept. 10, 2007))).

of the time to appeal and no appeal is then pending, whichever is later.[5]  Additionally, Plaintiffs are awarded $1,029.96 in attorneys' fees and $400 in costs.  Defaulting Defendants are jointly and severally liable.  The Clerk of Court is respectfully directed to enter judgment accordingly against Defaulting Defendants: The Twin Kitty Bakery Corp., Two Brothers Bakery Corp., Sweet Kiss Corp., John Castro, and Jose Castro.  The Clerk of Court is also respectfully directed to close this case, as all claims against all Defendants have now been resolved and Settling Defendants 8263 Bakery Corp. and Wendy A. Castro have continued to make monthly payments in satisfaction of the settlement agreement; however, Plaintiffs may move to reopen the case if the settlement is not satisfied in full.  Plaintiffs shall serve a copy of this Order on Defaulting Defendants.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 29, 2021
        Brooklyn, New York

---

[5] With respect to the NYLL's authorization of a 15% increase in the judgment amount if any part remains unpaid after 90 days, some courts have required the plaintiff to seek an amended judgment after the 90 days have passed without payment.  *E.g.*, *Kotuwage*, 2018 WL 1189332, at *11.  The Court, however, declines to order this additional, separate step, finding it unnecessary. In the event Defaulting Defendants fail to pay the judgment within 90 days, Plaintiffs will presumably seek to enforce the judgment and can argue then for the 15% increase to which they are entitled under the NYLL.